# Court of Appeals
# of the State of Georgia

ATLANTA,  August 10, 2026

*The Court of Appeals hereby passes the following order:*

**A27D0008. GENE SHROYER v. DAVID TUCK.**

In this proceeding to domesticate a foreign judgment, the superior court entered a final order domesticating the judgment of a New Hampshire court against Gene Shroyer and in favor of David Tuck. After Shroyer's motion to set aside pursuant to OCGA § 9-11-60(d) was denied, Shroyer attempted to file a direct appeal to this Court. The trial court required Shroyer to pay a supersedeas bond pending appeal. This Court dismissed Shroyer's direct appeal for his failure to comply with the mandatory discretionary appeal procedures. Case No. A26A0418 (Sep. 23, 2025). Shroyer filed a petition for certiorari in the Georgia Supreme Court, which was likewise denied. Case No. S26C0398 (Mar. 31, 2026). Thereafter, on June 9, 2026, upon Tuck's motion, and over Shroyer's opposition, the superior court issued an order directing disbursement of the supersedeas bond. Shroyer filed, and amended, an emergency motion for reconsideration and to stay the release of the bond. On June 24, 2026, the trial court denied Shroyer's emergency motion, and Shroyer filed an application for discretionary appeal in this Court.

An order directing the disbursement of funds in a case that is subject to a direct appeal, and which is a final order in the case, is directly appealable. See OCGA § 5-6-34(a)(1)(B). Compare, e.g., *Bryan Cave Leighton Paisner, LLP v. Gebo Law, LLC*, 374 Ga. App. 442, 442 (912 SE2d 346) (2025) (because order "did not direct the disbursement of those funds from the court registry, the order is not a final judgment"). Ordinarily, we will grant a timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35(j). We,

however, lack jurisdiction over this appeal because it is untimely.

A notice of appeal and an application for discretionary appeal both must be filed within 30 days of entry of the order sought to be appealed. OCGA §§ 5-6-38(a); 5-6-35(d). The proper and timely filing of a notice of appeal or an application for discretionary appeal is an absolute requirement to confer jurisdiction upon this Court. *Kelly v. State*, 311 Ga. 827, 828 (860 SE2d 740) (2021); *Gable v. State*, 290 Ga. 81, 82(2)(a) (720 SE2d 170) (2011). Moreover, the filing of a motion for reconsideration does not toll the time for filing a notice of appeal. *Harned v. Piedmont Healthcare Found., Inc.*, 356 Ga. App. 870, 872 (849 SE2d 726) (2020) ("It is well settled that motions for reconsideration do not toll the time period for filing a notice of appeal."). Therefore, Shroyer had until July 9, 2026, to file an appeal from the superior court's order directing disbursement of the supersedeas bond, and Shroyer's subsequent motion to reconsider the disbursement order, and emergency motion to stay pending appeal in another case, did not extend this deadline.[1]

---

[1] We recognize that the emergency motion to stay filed by counsel did not specifically reference reconsideration of the disbursement order, and asserted new grounds to stay disbursement and enforcement of the judgment. The emergency motion, however, was in essence asking the trial court to reconsider its decision to disburse the funds and to stay enforcement of its order, which is how we have construed it. See *Johnson v. Adcock*, 377 Ga. App. 375, 380(1) (922 SE2d 668) (2025) ("[T]here is no magic in nomenclature. A document is to be construed by its substance or function, rather than by its name.") (citation and punctuation omitted).

The instant application was not filed until July 23, 2026, and is, therefore, untimely. Accordingly, this application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___08/10/2026_____*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*